**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>INTERVENTION ENERGY HOLDINGS, LLC<br><br>                                    Debtor.<br>Employer's Tax Identification No.:<br>20-8428131 | Chapter 11<br><br>Case No. 16-(___) |
| In re:<br><br>INTERVENTION ENERGY, LLC,<br><br>                                    Debtor.<br>Employer's Tax Identification No.:<br>20-8428131 | Chapter 11<br><br>Case No. 16-(___) |

**DEBTORS' MOTION FOR AN ORDER DIRECTING
THE JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES**

The above-captioned debtors (collectively, the "Debtors"), by and through their proposed counsel, DLA Piper LLP (US), hereby move the Court for the entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (i) directing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only and (ii) granting certain related relief (the "Motion"). In support of this Motion, the Debtors incorporate the statements contained in the *Declaration of John R. Zimmerman in Support of First Day Pleadings* (the "First Day Declaration") filed contemporaneously herewith and further respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the Debtors' property or other estates and this matter under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409. The Debtors consent to the entry of a final order on this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

2. On the date hereof (the "Petition Date"), each of the Debtors filed with this Court voluntary petitions for relief under the Bankruptcy Code.

3. The Debtors continue to remain in possession of their property and manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed in the Debtors' chapter 11 cases.

4. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the First Day Declaration, filed concurrently herewith and fully incorporated herein by reference.[1]

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

**RELIEF REQUESTED**

5. The Debtors seek entry of an order, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, directing: (a) the joint administration of the Debtors' chapter 11 cases and (b) parties in interest to use a consolidated caption, indicating that any pleading they file relates to the jointly administered bankruptcy cases of "Intervention Energy Holdings, LLC, *et al.*"

6. The Debtors further request that a docket entry be made on the docket in the chapter 11 cases of each of the other Debtor entities substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Intervention Energy Holdings, LLC (_____); and Intervention Energy, LLC (____). All further pleadings and other papers in this chapter 11 case shall be filed in, and all further docket entries shall be made in, Case No. 16-[_____] (Intervention Energy Holdings, LLC).

7. A proposed consolidated caption for all notices, applications, motions and other pleadings (the "Proposed Caption") is annexed as Exhibit 1 to the proposed order approving this Motion. The Debtors request that the Court find that the Proposed Caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code in all respects.

8. Bankruptcy Rule 1015(b) provides, in relevant part, "if a joint petition of two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Local Rule 1015-1 states that:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

9. The joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the

Debtors' respective estates and other parties in interest. Entering an order directing joint administration of the Debtors' chapter 11 cases will avoid the need for duplicative notices, motions and applications, thereby saving time and expense. Joint administration will also enable parties in interest in each of the above-captioned chapter 11 cases to be apprised of the various matters before the Court in both of these cases.

10. Pursuant to section 342(c)(1) of the Bankruptcy Code, "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last four digits of the taxpayer identification number of the debtor." 11 U.S.C. § 342(c)(1). In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| In re:<br><br>INTERVENTION ENERGY<br>HOLDINGS, LLC., *et al.*,<br><br>                                Debtors.[2] | Chapter 11<br><br>Case No. 16-_____ (___)<br><br>(Jointly Administered) |
|---|---|

11. The Proposed Caption contains all of the required information and, therefore, satisfies the requirements of section 342(c) of the Bankruptcy Code.

12. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g.*, *In re*

---

[2] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Intervention Energy Holdings, LLC (8131); and Intervention Energy, LLC (8131). The mailing address for the Debtors, solely for purposes of notices and communications, is: 475 17th Street, Suite 1040, Denver, CO 80202.

*Ryckman Creek Resources, LLC*, No. 16-10292 (KJC) (Bankr. D. Del. Feb. 3, 2016) (directing joint administration of chapter 11 cases); *In re Samson Res. Corp.*, No. 15-11934 (CSS) (Bankr. D. Del. Sept. 18, 2015) (same); *In re Golden County Foods, Inc.*, No. 11062 (KG) (Bankr. D. Del. May 19, 2015) (same); *In re Quicksilver Res. Inc.*, No. 15-10585 (LSS) (Bankr. D. Del. Mar. 19, 2015) (same); *In re GSE Envtl. Inc.*, No. 14-11126 (MFW) (Bankr. D. Del. May 6, 2014) (same); *In re Sorenson Commc'ns, Inc.*, No. 14-10454 (BLS) (Bankr. D. Del. Mar. 4, 2014) (same).[3]

13. Furthermore, because these cases involve numerous potential creditors, the entry of an order of joint administration will: (a) significantly reduce the volume of pleadings that otherwise would be filed with the Clerk of this Court, (b) render the completion of various administrative tasks less costly, (c) minimize the number of unnecessary delays associated with the administration of numerous separate chapter 11 cases and (d) protect the creditors of each of the Debtors' estates against potential conflicts of interest. Additionally, because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only. Instead, parties in interest will benefit from the cost savings.

## NOTICE

14. Notice of this Motion shall be provided to: (a) the Office of the United States Trustee for the District of Delaware, (b) the Debtors' twenty largest unsecured creditors as identified on their respective voluntary petitions, (c) counsel to EIG Management Company, as

---

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

administrative agent under the Note Purchase Agreement, dated as of January 6, 2012, (d) the United States Attorney's Office for the District of Delaware, (e) the Securities and Exchange Commission, and (f) the Internal Revenue Service.  As this Motion is seeking first-day relief, notice of this Motion and any order entered hereon will be served on all parties required by Del. Bankr. L.R. 9013-1(m) ex parte.  Due to the urgency of the circumstances surrounding this Motion and the nature of the relief herein, the Debtors respectfully submit that no further notice of this Motion is required.

[*Remainder of page left intentionally blank.*]

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A: (i) granting the relief requested herein and (ii) granting such other and further relief as the Court may deem proper.

Dated:  May 20, 2016  
        Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

/s/ Stuart M. Brown  
Stuart M. Brown (DE 4050)  
1201 North Market Street, Suite 2100  
Wilmington, DE 19801  
Telephone: (302) 468-5700  
Facsimile: (302) 394-2341  
Email: Stuart.Brown@dlapiper.com

-and-

Thomas R. Califano (*pro hac vice admission pending*)  
Dienna Corrado (*pro hac vice admission pending*)  
1251 Avenue of the Americas  
New York, New York  10020  
Telephone: (212) 335-4500  
Facsimile: (212) 335-4501  
Email:  Thomas.Califano@dlapiper.com  
        Dienna.Corrado@dlapiper.com

*Proposed Attorneys for Debtors and Debtors in Possession*